UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**PATRICK WILLIAMSON,**

    **Plaintiff,**

    vs.                              Case No.:

**INDIAN RIVER MEMORIAL**
**HOSPITAL, INC. d/b/a Cleveland**
**Clinic Indian River Hospital,**

    **Defendant.**

_____/

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiff, PATRICK WILLIAMSON, by and through his undersigned counsel, brings this lawsuit seeking declaratory relief, and monetary damages against Defendant, INDIAN RIVER MEMORIAL HOSPITAL, INC. d/b/a Cleveland Clinic Indian River Hospital, for violations of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Section 1557 of the Patient Protection and Affordable Care Act ("Affordable Care Act"). Defendant denied the Plaintiff full and equal enjoyment of Defendant's services, facilities, and privileges. Defendant also failed to make reasonable modifications in policies, practices, or procedures, and failed to take such steps as are necessary to ensure the Plaintiff was not excluded, denied services, or otherwise treated differently during his visit to Cleveland Clinic stemming from the denial of his service dog.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the actions pursuant to 28 U.S.C. § 1331, 1343, for the Plaintiff's claims arising under Title III, Section 504, and the Affordable Care Act.

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because (1) the Defendant is located in this district, and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

## PLAINTIFF

3. Plaintiff, PATRICK WILLIAMSON ("Mr. Williamson"), is and was, at all times material hereto, a resident of Vero Beach, Florida, Indian River County. Mr. Williamson is an honorably discharged Veteran, who has Post Traumatic Stress Disorder ("PTSD"), and uses a service dog to abate the symptoms of his disabilities.

## DEFENDANT

4. Defendant, INDIAN RIVER MEMORIAL HOSPITAL, INC. d/b/a Cleveland Clinic Indian River Hospital ("Cleveland Clinic"), is located at 1000 36th Street, Vero Beach, Florida 32960. Cleveland Clinic is a place of public accommodation, pursuant to 42 U.S.C. § 12181(7)(F), and is subject to the mandates of Title III of the ADA and its implementing regulations.

5. Cleveland Clinic accepts Medicaid and Medicare, and is therefore, a recipient of federal financial assistance subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

6. Cleveland Clinic is principally engaged in the business of providing health care, and is covered by Section 1557 of The Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.

## FACTUAL ALLEGATIONS

7. Mr. Williamson is an honorably discharged Army Veteran, who served in Operation Iraqi Freedom in Mosul, Iraq. He worked in Combat Engineering disposing bombs.

8. Mr. Williamson was diagnosed with PTSD in approximately 2006 by the Veterans Administration ("VA"), and his condition is related to his service. He receives treatment from the VA.

9. Mr. Williamson has been engaged in activities to assist other veterans struggling with post-combat issues for years.

10. His disabilities substantially limit the major life activities of sleeping, learning, concentrating, communicating, and working.

11. Mr. Williamson has been prescribed medication for his PTSD, and uses his service dog, Gracie, to abate the symptoms of PTSD. Gracie has been Mr. Williamson's service dog for approximately three (3) years.

12. Gracie is a German Shepherd, trained specifically for Mr. Williamson's PTSD. Gracie was originally trained at Baden K-9, an establishment that trains dogs to work with the military and the federal government.

13. For Mr. Williamson, Gracie is trained to alert him if someone is approaching outside of his line of sight. Gracie will move near Mr. Williamson or make physical contact with his leg. This helps alleviate his symptoms of hypervigilance, and to avoid potential confrontations with people.

14. Gracie is trained to sit on Plaintiff's feet when they are in close quarters. Gracie has been trained to recognize when Mr. Williamson's voice changes due to his PTSD, and she will redirect him by nudging him or sitting on his feet.

15. Gracie provides crowd control to keep spacing, and she will sit between Mr. Williamson and other people. Gracie is trained to wake Mr. Williamson from nightmares or his night thrashing by nudging him or pulling the hose on his sleep apnea machine.

16. Mr. Williamson experiences various forms of flashbacks, and Gracie is trained to sit on his feet, and will redirect him during these episodes. Gracie helps Mr. Williamson deal with his PTSD every day, and Mr. Williamson relies on Gracie.

17. On January 17, 2019, a friend of Mr. Williamson suspected he was having a bad day, and texted Mr. Williamson to ask if he was feeling suicidal. Mr. Williamson's responses were very troubling, and included suicidal inferences.

18. Out of concern for Mr. Williamson's safety, his friend asked if he could go over to Mr. Williamson's house later that day to talk with him.

19. Due to the high suicide rate of veterans, local Veterans Affair Council members employ a veteran's intervention team which physically meets with veterans who are experiencing mental health related issues. The team who came to Mr. Williamson's home included veterans, Mr. Williamson's friends, family members, and supportive deputies from the Indian River County Sherriff's Office ("IRCSO"). Gracie assisted at that meeting.

20. Upon meeting with Mr. Williamson, the team was able to convince Plaintiff that he need help, and should be brought to Cleveland Clinic. Mr. Williamson asked if he could be taken the VA hospital instead of Cleveland Clinic, but was told that would not be possible at that juncture.

21. Mr. Williamson said he would go with law enforcement to the Cleveland Clinic if Gracie could go with him. Prior to being transported, an IRCSO Deputy called Cleveland Clinic, and advised Mr. Williamson was being brought in, and asked if Mr. Williamson could bring

Gracie, his service animal. The Cleveland Clinic denied the request, and Gracie had to be left behind.

22. This was extremely upsetting for Mr. Williamson, who needed Gracie during this traumatic period.

23. Bruce Cady, a Veterans Affair Council member and friend of Mr. Williamson's, offered to care for Gracie while he underwent treatment.

24. Mr. Williamson was transported by law enforcement to Cleveland Clinic's Emergency Department (ED) and evaluated. The law enforcement officer stayed with Plaintiff.

25. Mr. Williamson was told he would be admitted to their Behavioral Health Center ("BHC"). Mr. Williamson renewed his request to have Gracie with him, and once again the request was denied.

26. While still at the ED, Mr. Williamson asked to be transferred to the VA hospital for treatment because they allow service dogs. He also wanted treatment by staff trained to work with the complicated needs of veterans who have seen combat, as opposed to civilians. The request was denied.

27. On information and belief, while still at the ED, the law enforcement officer offered to transport Mr. Williamson and Gracie to the VA hospital to receive mental health services. That accommodation request was also denied.

28. Mr. Williamson received treatment at the Behavior Health Center of Cleveland Clinic from January 17, 2019 to January 23, 2019.

29. While at BHC, Mr. Williamson made affirmative requests to be transferred to the VA so he could be treated with Gracie, and to be allowed to have Gracie with him at the BHC to help him with this mental health treatment.

30. While in treatment, Mr. Williamson kept a short journal. The staff and the psychologist occasionally asked to read what he wrote. In his notes, Mr. Williamson made reference to requests to be transferred to the VA, and that he has "brought this up 4 days now." Treatment at the VA would allow him to be with Gracie. Mr. Williamson also wrote it was upsetting that Gracie could not be with him, and how BHC would not accommodate him.

31. At BHC, Mr. Williamson slept in a room with only one other patient. Although housed in one wing of the facility, BHC had open areas, and to get to the cafeteria the patients would walk through an outdoor courtyard. Visitation also occurred in the outdoor courtyard area.

32. On January 20, 2019, Bruce Cady, who was taking care of Gracie, went to visit Mr. Williamson and brought Gracie.

33. Mr. Cady spoke to a nurse in administration and asked if Gracie could visit Mr. Williamson. Mr. Cady was told BHC management had been spoken to, and the service dog would not be allowed to visit. Mr. Cady also spoke to a charge nurse, and was told the service dog would not be allowed in.

34. Mr. Williamson was upset that he could not see Gracie, and talked about wanting to be moved to the VA to be in a treatment setting geared for veterans and be with Gracie, or wanting Gracie with him at BHC. He repeated these concerns at every visit to Mr. Cady, and to staff.

35. Mr. Cady visited Mr. Williamson four (4) times, each time bringing Gracie and asking for Gracie to be allowed to visit with Mr. Williamson. Each time the request is denied.

36. On January 22, 2019, Mr. Cady who was determined to help Mr. Williamson's recovery, again visited and brought Gracie. Again, he asked if Gracie could come for the short visit, and, again, the request was denied. However, this time the Cleveland Clinic said they may

allow Gracie in at some time, but provided Mr. Cady a long list (verbally) of requirements to be met before Gracie could come in <u>only to visit</u>, to include producing documents and certifications for Gracie that no one had, nor does the law require.

37. Although Mr. Williamson's mental health had decompensated to the point where he required treatment, Gracie, the one who helped him every day was denied access to the facility. Gracie was never allowed into BHC.

38. Even upon repeated requests to be accommodated, Mr. Williamson was never provided any of the three (3) accommodations or modifications requested.

39. Defendant denied his request to be transferred to the VA facility so he could obtain mental health treatment with Gracie by his side.

40. Defendant denied the accommodation of allowing Gracie to accompany him during his treatment at the BHC.

41. Defendant denied Mr. Williamson's request of having Gracie visit him while he was being treated at the BHC.

42. Although not required by statute, Plaintiff attempted to rectify this matter prior to filing this Complaint in Federal Court.

43. Mr. Williamson is a veteran who suffers from PTSD, and has a history of involuntary commitments and suicide attempts. This history is document in Cleveland Clinic's medical records. He shall continue to need professional mental health services in the future, and shall return to the Defendant for professional mental health services, as it is the closet receiving facility to his home.

44. The Plaintiff experienced dejection, humiliation, and frustration as a direct result of Defendant's denial to provide any of the three reasonable accommodation requests.

45. Defendant intentionally violated the rights of Mr. Williamson, who is entitled to protection under the anti-discrimination statutes.

**WHEREFORE**, Plaintiff respectfully request the relief listed below:

## COUNT I

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

46. Plaintiff repeats and re-alleges allegations ¶¶ 1-45 in support of his claims.

47. This Count I seeking declaratory and injunctive relief is brought pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182, and its implementing regulations.

48. Cleveland Clinic is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(F), and is subject to the mandates of Title III of the ADA and its implementing regulations.

49. Mr. Williamson has PTSD, and his disabilities substantially limit major life activities as defined by Title III of the ADA. Mr. Williamson meets the essential eligibility requirements for Defendant's services at all times material hereto, and is entitled to the protections of the ADA under 42 U.S.C. § 12181, *et seq*. and its implementing regulations.

50. Title III of the Americans with Disability Act prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182 (a).

51. Defendant denied Plaintiff the opportunity to benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals

who are not disabled in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

52. Defendant intentionally failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford Plaintiff with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*; 28 C.F.R. § 36.302 (c).

53. Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go. 28 C.F.R. § 36.302. However, Mr. Williamson's service animal was not allowed to accompany him, during treatment or visitation.

54. Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. 28 C.F.R. § 36.104. Mr. Williamson's service animal, Gracie, was specifically trained to perform tasks for Mr. Williamson.

55. As a result of the Defendant's actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disability.

56. Mr. Williamson is a veteran who suffers from PTSD, and shall continue to need professional mental health services in the future, and shall return to the Defendant for professional mental health services.

**WHEREFORE**, Plaintiff respectfully request the relief listed below:

## COUNT II

## VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

57. Plaintiff repeats and re-alleges allegations ¶¶ 1-45 in support of his claims.

58. Mr. Williamson has PTSD, and is considered an individual with a disability under Section 504 of the Rehabilitation Act.

59. Section 504 of the Rehabilitation Act of 1973 is a federal law that protects qualified individuals with disabilities from discrimination based on their disability.

60. Mr. Williamson relies on the federal regulation set forth in Count I because Section 504 of the Rehabilitation Act relies on the regulations adopted for the ADA.

61. Count II is brought against the Defendant as a claim for discrimination against people with disabilities in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

62. Defendant is a recipient of federal financial assistance including, but not limited to, acceptance of Medicare and Medicaid funds, and is, therefore, subject to the requirements of Section 504. 29 U.S.C. § 794.

63. Defendant has intentionally discriminated against Plaintiff on the basis of Mr. Williamson's disability in violation of 29 U.S.C. §794 and its implementing regulations. Such discrimination includes failure to allow Mr. Williamson's service animal to accompany him at the facility, failure to be transferred to a facility to treat him with his service animal, and failure to allow his service animal to visit. *See* 45 C.F.R § 84.52.

64. Defendant's actions were intentional, and with reckless disregard for the rights of the Plaintiff. Plaintiff provided Defendant the opportunity to rectify the discrimination, but Defendant refused to accommodate Mr. Williamson.

65. As a result of Defendant's actions described above, Plaintiff has suffered embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of Mr. Williamson's disability. In engaging in this unlawful conduct described above, Defendant, Cleveland Clinic, acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

66. Mr. Williamson is a veteran who suffers from PTSD, and shall continue to need professional mental health services in the future, and shall return to the Defendant for professional mental health services.

**WHEREFORE**, Plaintiff respectfully requests the relief listed below:

### COUNT III

### SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

67. Plaintiff incorporates and re-alleges paragraphs ¶¶ 1-45 as it fully set forth herein.

68. Mr. Williamson has PTSD, and his disabilities substantially limit major life activities. Accordingly, he is an individual with a disability as defined under 29 U.S.C. § 705(20) and 42 U.S.C. § 12102. *See* 42 U.S.C. § 18116; 45 C.F.R. § 92.4.

69. Defendant is a "healthcare program or activity," receiving federal financial assistance, including Medicare and Medicaid reimbursements, and a covered entity under 42 U.S.C. § 18116.

70. Section 1557 of the Patient Protection and Affordable Care Act states "an individual shall not, on the ground prohibited under . . . section 794 of Title 29 [The

Rehabilitation Act of 1973, 29 U.SC. § 794], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance[.]". 42 U.S.C. § 18116(a).

71. For the reasons set forth in Count I and II, Defendant has intentionally discriminated against the Plaintiff solely on the basis of his disability, in violation of Section 1557 the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.

72. As a result of Defendant's actions described above, Plaintiff has suffered embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disability. In engaging in this unlawful conduct described above, Defendant, Cleveland Clinic, acted intentionally and maliciously to damage the rights and dignity of the Plaintiff.

## Relief Requested

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A. The Court assume jurisdiction;

B. Issue a declaratory judgment that Defendant's policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Affordable Care Act;

C. Enjoin Defendant from any policy, procedure, or practice that will deny Plaintiff equal access to and an equal opportunity to participate in and benefit from Defendant's services based on his use of a service animal;

D. Order Defendant to train its employees about Mr. Williamson's rights, and the rights of individuals who use service animals;

E.      Award compensatory damages to Plaintiff;

F.      Award reasonable attorney's fees, expenses, and costs of suit; and

G.      Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

DATE: August 6, 2021.

Respectfully submitted,

*/s/Sharon Caserta*
Sharon Caserta, Esq.
Florida Bar No.: 0023117
Morgan & Morgan
Deaf /Disability Rights
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 361-0078 (Voice)
(904) 245-1121 Videophone
(904) 361-4305 (Facsimile)
scaserta@forthepeople.com
*Counsel for Plaintiff*